STATE OF NORTH CAROLINA v. MARVIN T. BYNUM.

(Filed 1 December, 1965.)

APPEAL by defendant from *Gambill, J.,* April 12, 1965 Criminal Session of GUILFORD (Greensboro Division).

This criminal proceeding was instituted in the Domestic Relations Court of Guilford County. There defendant was tried and convicted upon a warrant which charged that, while living with his wife, he wilfully failed to provide adequate support for her (G.S. 14-325). From the judgment there imposed, defendant appealed to the Superior Court where, upon a trial *de novo,* the State's evidence was sufficient to establish these facts:

Defendant married the prosecuting witness on January 25, 1964, and took her to live with his mother. This arrangement proved unsatisfactory. About August 1st, defendant told his wife to go to the home of her aunt until he could provide an apartment, and they "would see each other as much as possible and spend nights together." Thereafter they lived together during weekends, either at a motel, his mother's, or her aunt's home. They saw each other more than once a week — "two or three times, or four or five, as much as (they) could." In November 1964, the prosecuting witness became pregnant with his child which, at the time of the trial, she was expecting in July. Defendant is an able-bodied, healthy man who was

employed by a funeral home when he was married. Thereafter he worked for a construction company and for a lumber company. On February 24, 1965, the date on which the warrant was issued, he was not working; at the time of the trial he was employed. Defendant frequently drank intoxicants to excess but, when sober, "he is all sweet." When intoxicated, he beat his wife and accused her of infidelity. Between August 1964 and April 1965, he contributed to his wife's support only $25.00. Ten dollars of this sum he spent for her medicine.

The jury found defendant guilty as charged. From a prison sentence, suspended upon the usual condition in such cases, defendant appeals.

*Attorney General T. W. Bruton and Assistant Attorney General Bernard A. Harrell for the State.*
*Elreta Melton Alexander for defendant appellant.*

PER CURIAM. Defendant offered no evidence; the State's evidence, considered in the light most favorable to it, *State v. Kelly*, 243 N.C. 177, 90 S.E. 2d 241, was plenary to withstand defendant's motion for nonsuit. The charge, when considered contextually, fully complies with G.S. 1-180. The jury has found the facts against defendant, and, there being no error in law, he must abide the results of his trial.

No error.